**Sergio RAMOS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0609–CR–482.

Court of Appeals of Indiana.

July 17, 2007.

Ellizabeth A. Gabig, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Sergio Ramos appeals the sentence imposed following his plea of guilty to at-

tempted sexual misconduct with a minor, as a class B felony.

We reverse and remand with instructions.

## ISSUE

Whether the trial court erred in sentencing Ramos.

## FACTS

On November 28, 2005, the State charged Ramos with child molesting, as a class A felony, and child molesting, as a class C felony. On August 7, 2006, Ramos and the State entered into a plea agreement, whereby Ramos agreed to plead guilty to attempted sexual misconduct with a minor, as a class B felony, and the State agreed to dismiss both charges of child molesting. The plea agreement provided that the State would recommend a sentence of fifteen years, with "terms open to the Court." (App.39).

During the plea hearing, Ramos admitted that he took B.B., a child he believed to be fourteen years-old but less than sixteen years-old, "to his room and disrobed." (Tr. 13). Ramos also admitted to being at least twenty-one years-old when he committed the offense.

The trial court accepted the terms of the plea agreement and held a sentencing hearing on August 7, 2006. During the hearing, Ramos offered his acceptance of responsibility and lack of prior criminal history as mitigating circumstances. The State offered Ramos' status as an illegal alien as an aggravating circumstance. The trial court sentenced Ramos to fifteen years, with five years suspended, for a total executed sentence of ten years. The trial court did not address aggravating or mitigating circumstances.

## DECISION

Ramos asserts that the trial court failed to consider the proffered mitigating circumstances. Thus, Ramos asserts that the executed portion of his sentence is inappropriate because it does not reflect the character of the offender.[1]

■ Sentences are within the trial court's discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind., 2007). Accordingly, we review a sentence for abuse of that discretion. *Id.*

■ In *Anglemyer*, Indiana's Supreme Court addressed whether, in light of Indiana Code section 35–38–1–7.1,[2] trial courts are required to make sentencing statements, explaining their reasons for imposing certain sentences, and whether these statements must include findings of aggravating and mitigating circumstances. Citing to past case law, making "clear that sentencing statements serve [ ] two primary purposes: (1) they guard [ ] against arbitrary and capricious sentencing, and (2) they provide [ ] an adequate basis for appellate review," *Anglemyer*, at 488, as well as construing "legislative intent to retain the traditional significance of sentencing statements," *Anglemyer*, at 489,

---

1. Indiana's new advisory sentencing scheme, which went into effect on April 25, 2005, applies in this case. Pursuant to Indiana Code section 25–50–2–5, "[a] person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years."

2. Subsection (b) of Indiana Code section 35–38–1–7.1 provides that trial courts may consider mitigating circumstances. Subsection (d) provides that trial courts "may impose any sentence" that is authorized by statute or Indiana's Constitution "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind.Code § 35–38–1–7.1.

*Anglemyer* held that "where a trial court imposes sentence for a felony offense it is required to issue a sentencing statement that includes a reasonably detailed recitation of the trial court's reasons for the sentence imposed." *Anglemyer*, at 484. Sentencing statements are necessary because

> "[i]n order to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of [its] reasons for imposing the sentence.... This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions."

*Anglemyer*, at 490 (quoting *Page v. State*, 424 N.E.2d 1021, 1023 (Ind.1981)). Failure to enter a sentencing statement is an abuse of discretion. *Id.*

■ In this case, Ramos presented mitigating circumstances to the trial court while the State presented Ramos's status as an illegal alien as an aggravating circumstance. The trial court, however, did not enter a sentencing statement, setting forth its reasons for imposing an executed sentence of ten years.[3] Thus, the trial court's sentencing statement is inadequate for "conduct[ing] meaningful appellate review." *See id.* at 492.

■ Where we find an irregularity in the trial court's sentencing decision, we may (1) remand to the trial court for a

clarification or new sentencing determination, (2) affirm the sentence if the error is harmless, or (3) reweigh the proper aggravating and mitigating circumstances independently at the appellate level. *Merlington v. State*, 814 N.E.2d 269, 273 (Ind. 2004). Here, we remand to the trial court for a sentencing statement, which shall include "reasonably detailed reasons or circumstances for imposing" the sentence that it did.[4] *See Anglemyer*, at 491.

Reversed and remanded with instructions.

KIRSCH, J., and MATHIAS, J., concur.

---

3. We note that the trial court sentenced Ramos prior to *Anglemyer* and, therefore, was not "on notice of its obligation to enter a sentencing statement." *See Windhorst v. State*, 868 N.E.2d 504, 506 (Ind. June 26, 2007).

4. We note that the trial court "no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence," and that

where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence that is supported by the record, and the reasons are not improper as a matter of law, but has imposed a sentence with which the defendant takes issue[,]

the defendant may challenge the sentence only for inappropriateness under Appellate Rule 7(B). *Anglemyer*, at 491.