Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 25 2014, 9:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| GWAYNE SLATER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1311-CR-987 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE COURT
The Honorable Michael Jensen, Magistrate
Cause No. 49G20-1301-FB-1790

**June 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a guilty plea, Gwayne Slater ("Slater") was convicted of Possession of a Firearm by a Serious Violent Felon[1] (SVF) as a class B felony and Possession of Marijuana[2] as a class A misdemeanor. Slater now appeals, presenting two issues for our review:

1.      Did the trial court abuse its discretion in sentencing Slater?

2.      Is the sentence imposed inappropriate?

We affirm.

On January 7, 2013, Indianapolis Metropolitan Police Officer Charles Tice ("Officer Tice") pulled over the car Slater was driving. After identifying everyone in the vehicle, Officer Tice ran Slater's information and found that he had a prior conviction for criminal confinement. Officer Tice recognized the smell of marijuana emanating from the vehicle and called for backup. The officers removed everyone from the vehicle and searched the interior. Inside the vehicle, Officer Tice found a partially burnt marijuana joint in the ashtray and an unloaded handgun in the glove box. When questioned about the marijuana and gun, Slater admitted that they belonged to him. Slater also informed Officer Tice that the handgun's magazine was under the front passenger seat.

Slater was arrested and charged with SVF and possession of marijuana. On June 24, 2013, Slater pleaded guilty as charged. The trial court initially scheduled the sentencing hearing for September 6, 2013, but granted Slater's motion for a continuance and

---

[1] Ind. Code Ann. § 35-47-4-5 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

[2] Ind. Code Ann. § 35-48-4-11 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

rescheduled the hearing for September 24, 2013. On September 24, 2013, Slater appeared and requested another continuance. The motion was denied and while the court was in recess, Slater fled the courthouse before the sentencing hearing could occur. Slater was rearrested on October 7, 2013, and a sentencing hearing was held on October 29, 2013. The trial court sentenced Slater to concurrent terms of ten years for SVF and one year for possession of marijuana. Slater now appeals.

1.

Slater first argues the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Anglemyer v. State*, 868 N.E.2d at 491 (quoting *K.S. v. State,* 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its sentencing discretion in several ways, including entering an insufficient sentencing statement and failing to cite significant mitigating factors. *Anglemyer v. State,* 868 N.E.2d 482.

A sentencing statement serves two primary purposes: (1) it guards against arbitrary and capricious sentencing; and (2) it provides an adequate basis for appellate review. *Ramos v. State,* 869 N.E.2d 1262 (Ind. Ct. App. 2007) (citing *Anglemyer v. State,* 868 N.E.2d 482). Failure to enter a sentencing statement is an abuse of discretion. *Id.* In order for this court to carry out its function of reviewing the trial court's exercise of its sentencing

3

discretion, we must understand the trial court's reasons for imposing the sentence, and this requires a statement of facts peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions. *Id.* (citing *Anglemyer v. State,* 868 N.E.2d 482).

Slater argues that the trial court failed to make a sufficient sentencing statement. At the sentencing hearing, the trial court issued the following statement:

> The Court has reviewed the file, the PSI, arguments of counsel, statement of defendant. The record shows that the defendant only has one prior felony which is the predicate offense for this. The defendant has some other arrests but no other convictions. But when faced to do the right thing he chose to run. Which is really bad because that tells me that if things don't go the way he wants them to go in the future his choice will be to run again. In view of that, the Court imposes ten years [in the] Department of Corrections.

*Transcript* at 9. We find that the trial court sufficiently articulated its reasons for imposing the ten-year aggregate sentence.

Next, Slater argues that the trial court abused its discretion by overlooking significant mitigating factors. To prevail on such a claim, a defendant must establish that the omitted mitigating circumstances are both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482. A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Healey v. State,* 969 N.E.2d 607 (Ind. Ct. App. 2007). Also, a trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight, or significance. *Id.*

Slater argues that the trial court abused its discretion in overlooking the hardship his sentence would impose on his dependents. At the sentencing hearing, Slater presented a

4

personal letter from his girlfriend informing the court that she was pregnant with Slater's child. The hardship to a defendant's dependents is not necessarily a significant mitigating factor because incarceration will always be a hardship on dependents. *McElroy v. State,* 865 N.E.2d 584 (Ind. 2007). Many persons convicted of crimes have dependents and, in the absence of special circumstances showing an excessive undue hardship, a trial court does not abuse its discretion by failing to consider it as a mitigating circumstance. *Benefield v. State,* 904 N.E.2d 239 (Ind. Ct. App. 2009). Because Slater has not alleged any such special circumstances, the trial court did not abuse its discretion in declining to recognize the alleged hardship to Slater's defendants as a mitigating factor.

Next, Slater argues that the trial court overlooked the fact that he completed nine programs while in jail in order to better himself. Although it is commendable that Slater completed the programs, the trial court was not bound to find his participation to be a significant mitigating circumstance. It is the defendant's task to establish that the omitted mitigating circumstances are both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482. In short, Slater has not established that this purported mitigating factor was significant and clearly supported.

Slater also argues that the trial court abused its discretion by failing to recognize his guilty plea as a significant mitigating factor. "A guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct. App. 2005). Slater was driving the car that contained the handgun and marijuana and he confessed that they

belonged to him.  In sum, the evidence of Slater's guilt was overwhelming.  It therefore appears that his decision to plead guilty was largely a pragmatic one that does not merit significant mitigating weight.  For all of these reasons, we cannot conclude that the trial court abused its discretion in sentencing Slater.

2.

Finally, Slater argues that his aggregate executed sentence of ten years for SVF and possession of marijuana is inappropriate in light of the nature of the offenses and the character of the offender.  Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences.  Pursuant to App. R. 7, the Supreme Court authorized this court to perform the same task.  *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008).  Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  *Wilkes v. State,* 917 N.E.2d 675, 693 (Ind. 2009).  Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions."  *Stewart v. State,* 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case."  *Cardwell v. State,* 895 N.E.2d at 1224.  Furthermore, "[t]he principal role of appellate review should be to attempt to leaven the

6

outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Slater was convicted of class B felony SVF, for which the sentencing range is six to twenty years, with an advisory sentence of ten years. Ind. Code Ann. § 35-50-2-5 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014). Slater received the ten-year advisory sentence for his SVF conviction. In addition, Slater received the maximum one-year sentence for a class A misdemeanor conviction of possession of marijuana. *See* I.C. § 35-50-3-2 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014). The sentences were ordered to be served concurrently, resulting in an aggregate sentence of ten years, the advisory sentence for Slater's class B felony conviction. Because the advisory sentence is the starting point for an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence. *Golden v. State,* 862 N.E.2d 1212 (Ind. Ct. App. 2007), *trans. denied.*

We now consider the nature of the offense. Although Slater was cooperative with the police, he was found with a .45 caliber handgun with a laser attached to the accessory

7

rail and a loaded magazine within reaching distance. Furthermore, Slater was not licensed to carry the firearm. As to the character of the offender, although Slater did plead guilty and voiced his intentions to be a supportive father, Slater's decision to flee the courtroom during a previous sentencing hearing when his motion for a continuance was denied showed disrespect to the court and the judicial process.

Slater has failed to meet the heavy burden of persuading this court that his advisory sentence was inappropriate. The trial court concluded, "when faced to do the right thing he chose to run. Which is really bad because that tells me that if things don't go the way he wants them to go in the future his choice will be to run again." *Transcript* at 17. We agree with the trial court's analysis. Slater's sentence is not inappropriate.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.