## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 30 2018, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin Eugene Harpring, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 30, 2018 <br><br> Court of Appeals Case No. 73A01-1711-CR-2693 <br><br> Appeal from the Shelby Circuit Court <br><br> The Honorable Charles D. O'Connor, Judge <br><br> Trial Court Cause No. 73C01-1401-FB-3 |

**Crone, Judge.**

## Case Summary

[1] Dustin Eugene Harpring appeals the trial court's revocation of his probation. He contends that the trial court abused its discretion. Finding no abuse of discretion, we affirm the revocation. However, we remand to the trial court for clarification of its sentencing decision.

## Facts and Procedural History

[2] On January 9, 2014, the State charged Harpring with class B felony burglary and class D felony theft. The State subsequently also alleged that Harpring was a habitual offender. Shortly before the scheduled trial date, the parties entered into a plea agreement providing for Harpring to plead guilty to both charges in exchange for an executed sentence cap of ten years, and dismissal of the habitual offender charge. The agreement also provided for Harpring to serve his sentence concurrent with the sentence imposed in cause number 73C01-1311-FB-78. The trial court accepted the agreement and sentenced Harpring to twelve years, with ten years executed and two years suspended to probation. The court ordered 180 days of the probationary period to be served on home detention. The court stated that it would consider sentence modification if Harpring successfully completed a Therapeutic Community program as part of Purposeful Incarceration.

[3] In March 2016, Harpring filed a motion for sentence modification stating that he had successfully completed a Therapeutic Community program. Following a modification hearing, the trial court entered a revised sentence. Although the

aggregate sentence remained at twelve years, the court gave Harpring credit for 1044 days of time already served, and ordered 180 days of his previously executed sentence to be served on home detention. The trial court suspended the balance of his sentence, or 3156 days, to probation. As the deputy prosecutor later put it, Harpring was given "the colossal break of getting modified out" of jail. Tr. Vol. 2 at 21.

[4] On April 28, 2017, the State filed a petition to revoke Harpring's probation alleging that Harpring had "consumed opiates while on probation as evidenced by a positive drug screen." Appellant's App. Vol. 2 at 69. During an evidentiary hearing held on July 6, 2017, Harpring admitted to the probation violation. He stated that he attempted suicide by trying to overdose on heroin and that was the reason for his positive drug screen. He requested leniency, emphasizing that his overdose attempt was an isolated incident and that all his prior drug screens had been negative. The trial court took the punishment under advisement, continued the matter, and ordered Harpring to submit to another drug screen immediately following the hearing to "see where we are with all of this." Tr. Vol. 2 at 22. Harpring tested positive for methamphetamine. On July 18, 2017, the trial court held a dispositional hearing, revoked Harpring's probation, and ordered him to serve the balance of

his previously suspended sentence in the Department of Correction. This appeal ensued.[1]

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in revoking Harpring's probation.

[5] Harpring contends that the trial court abused its discretion in revoking his probation and ordering him to serve the remainder of his previously suspended sentence in the Department of Correction. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id*. Where, as here, a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id*. But even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *Id*.

---

[1] Harpring has sent numerous pro se documents to the Clerk of the Indiana Appellate Courts. He has been informed that those documents have not been filed because he is represented by counsel. *See Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000) (once counsel is appointed, defendant speaks to court through counsel).

Harpring argues that he was "successfully" completing the terms of his home detention and that he had "passed all drug screens" until he submitted a positive screen for heroin on April 10, 2017. Appellant's Br. at 10. He argues that the positive screen was the result of a suicide attempt, and that the trial court should have considered his mental health issues and prior negative screens as mitigating evidence and declined to revoke his probation. However, the record reveals that the trial court did consider Harpring's mitigating evidence and even gave him the opportunity to redeem himself by taking the admitted violation under advisement and ordering Harpring to complete another drug screen. Harpring tested positive for methamphetamine in that second drug screen. Under the circumstances, we cannot say that the trial court abused its discretion in determining that revocation of Harpring's probation was warranted.

## Section 2 – We remand to the trial court for clarification regarding the punishment imposed upon revocation.

We next address the punishment imposed by the trial court upon revocation. "We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion." *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011) (citing *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006)). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Id*. A trial court has "considerable leeway in deciding how to proceed" when a defendant violates probation. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App.

2013) (citing *Prewitt*, 878 N.E.2d at 188), *trans. denied*. It may (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; or (3) order all or part of a previously suspended sentence to be executed. Ind. Code § 35-38-2-3(h).

[8] During sentencing, the trial court unambiguously stated that it was revoking Harpring's probation and ordered him to serve "10 years" of his aggregate twelve-year sentence. Tr. Vol. 2 at 25. However, the trial court's written sentencing order and abstract of judgment provides that "six (6) years and fifty-two (52) days" of Harpring's previously suspended sentence are revoked and ordered executed. Appellant's App. Vol. 2 at 45-47. While we presume that the written sentencing order and abstract of judgment provide the correct sentence, both parties appear confused and refer to the court's oral statement as the punishment imposed. When there is conflict between the trial court's statements, we may remand for clarification. *Ramos v. State*, 869 N.E.2d 1262, 1264 (Ind. Ct. App. 2007). Accordingly, we affirm the trial court's revocation of Harpring's probation, but due to the ambiguity regarding the punishment imposed, we remand to the trial court for clarification.[2]

---

[2] The State concedes that the trial court's orders may be "unclear" and that remand for clarification is a proper remedy. State's Br. at 12 n.2. Harpring argues that the trial court is without authority to order him to serve any executed term in excess of two years, since that was the length of his original suspended sentence. Harpring cites no legal authority for this proposition, and he acknowledges that the trial court subsequently modified his sentence, increasing the suspended portion of his sentence to a little more than eight and one-half years (3156 days). In its clarified order, the trial court has the discretion to order all or part of the previously suspended modified sentence to be executed. Ind. Code § 35-38-2-3(h). In other words, a six-year and fifty-two-day executed sentence as provided for in the court's written orders would not constitute an abuse of discretion.

Affirmed and remanded.

Bailey, J., and Brown, J., concur.