## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 07 2020, 9:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Deputy Public Defender
Peru, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Debriel Scales, *Appellant-Defendant,* | December 7, 2020 |
| v. | Court of Appeals Case No. 20A-CR-909 |
| | Appeal from the Howard Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable William C. Menges, Jr., Judge |
| | Trial Court Cause No. 34D01-1312-FB-966 |

**Kirsch, Judge.**

[1] Debriel Scales ("Scales") appeals from the trial court's order revoking his probation. He raises one issue for our review: whether the trial court abused its discretion in sentencing him.

[2] We remand with instructions.

## Facts and Procedural History

[3] On November 5, 2013, a confidential informant working with the Kokomo Police Department contacted Scales to purchase heroin, and Scales sold the confidential informant heroin for fifty dollars. *Appellant's App. Vol. 2* at 17-18. On December 6, 2013, the State charged Scales with Class B felony dealing in a narcotic drug. *Id*. at 15. On November 5, 2014, Scales entered into a plea agreement in which he agreed to plead guilty as charged, and the State agreed to recommend that he be sentenced to fifteen years with seven years executed in the Department of Correction, one year executed on in-home detention, and seven years suspended to formal probation. *Id*. at 62-63. The trial court accepted the plea agreement and sentenced Scales pursuant to its terms. *Id*. at 65-66. Specifically, the trial court's written sentencing statement provided that Scales was sentenced to the Department of Correction for a period of 5,475 days, of which 2,555 days were ordered executed and the remaining 2,920 days were ordered suspended. *Id*. at 65. The suspended portion of the sentence was ordered to be served as follows: 2,555 days on supervised probation and 365 days on in-home detention. *Id*. On November 15, 2016, Scales began his placement on in-home detention. *Id*. at 97.

[4]     On April 28, 2017, Howard County Community Corrections filed a notice of non-compliance, alleging that Scales violated the terms and conditions of in-home detention by testing positive for the presence of benzodiazepines, admitting to smoking Spice, missing a randomly scheduled drug screen, and being behind on his probation fees. *Id*. at 96-98. On May 1, 2017, a warrant was issued for Scales's arrest, and on May 19, 2018, he was arrested and detained in the Howard County Jail. *Id*. at 109-10. On July 9, 2018, a hearing was held, and the parties agreed that Scales had spent 214 actual days in the Howard County Jail awaiting disposition for a total of 428 credit days. *Supp. Tr.* at 3. At the conclusion of the hearing, the trial court ordered Scales to serve the balance of his in-home detention time in the Howard County Jail, which the trial court found to be 19.5 actual days or 39 credit days. *Id*. at 4. The trial court further revoked 31.5 actual days or 63 credit days of his previously-suspended sentence to be executed in the Howard County Jail. *Id*. Ultimately, this resulted in a time-served sentence, and Scales was returned to "probation for roughly seven years, a little less than seven years." *Id*.; *Appellant's App. Vol. 2* at 116.

[5]     On May 3, 2019, the Howard County Probation Department filed a petition to revoke Scales's previously-suspended sentence, alleging that he committed Level 6 felony domestic battery on a person less than fourteen years of age and Class A misdemeanor resisting law enforcement and that he had tested positive for marijuana. *Appellant's App. Vol. 2* at 121-22. On June 10, 2019, Scales entered into an agreement with the State where he agreed to admit to the

violations and serve 120 days in the Howard County Work Release Program. *Id*. at 132. The trial court accepted the agreement and revoked 120 days of Scales's previously-suspended sentence with the 120 days to be executed on work release. *Id*. at 137. In its order, the trial court noted that Scales had accrued 32 actual days or 64 credit days awaiting disposition. *Id*. Therefore, this left 56 credit days or 28 actual days to serve on work release. *Id*. at 137, 148. Scales completed his work release sentence on August 13, 2019. *Id*. at 148.

[6] On November 13, 2019, the Howard County Probation Department filed a second petition to revoke Scales's probation, alleging that he violated the terms and conditions of his probation by testing positive for amphetamines and methamphetamine and failing to report for a drug test on two separate occasions. *Id*. at 137-39. On April 6, 2020, the trial court found that Scales had "demonstrated repeatedly that he has no desire to be compliant" and determined that the only reasonable solution was to revoke the balance of his previously-suspended sentence to the Department of Correction. *Tr. Vol. II* at 16; *Appellant's App. Vol. 2* at 149. In making this ruling, the trial court determined that the balance of Scales's previously-suspended sentence was 2,800 days. *Tr. Vol. II* at 16; *Appellant's App. Vol. 2* at 149, 152-53. Scales now appeals.

# Discussion and Decision

[7] Scales argues that the trial court abused its discretion in sentencing him. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Cain v. State*, 30 N.E.3d 728, 731 (Ind. Ct. App. 2015) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)), *trans. denied*. "It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated." *Id*. If a violation is proven, the trial court must determine if the violation warrants revocation of the probation. *Sullivan v. State*, 56 N.E.3d 1157, 1160 (Ind. Ct. App. 2016). If the trial court determines a probationer has violated a term of probation, then the court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations under an abuse of discretion standard. *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[8] Here, as the State concedes, remand is appropriate to allow the trial court to correct and clarify its sanction given in its sentencing order. In both the trial court's oral statement and its written order, it is clear that the trial court

intended to revoke the balance of Scales's sentence and to order him to serve the balance in the Department of Correction. *Tr. Vol. II* at 16; *Appellant's App. Vol. 2* at 149. Although the trial court was within its discretion to revoke the balance of Scales's sentence, the trial court mistakenly found the balance of Scales's previously suspended sentence to be 2,800 days. *Tr. Vol. II* at 16; *Appellant's App. Vol. 2* at 149, 152-53. However, 2,800 days is longer than the original probationary sentence that was imposed at the time of the original sentencing. *Appellant's App. Vol. 2* at 65. The trial court's sentence of 2,800 days also fails to account for the time Scales served for his previous violations of in-home detention and probation.

[9] Where we find an irregularity in the trial court's sentencing decision, we may (1) remand to the trial court for a clarification or new sentencing determination, (2) affirm the sentence if the error is harmless, or (3) reweigh the proper aggravating and mitigating circumstances independently at the appellate level. *Ramos v. State*, 869 N.E.2d 1262, 1264 (Ind. Ct. App. 2017) (citing *Merlington v. State,* 814 N.E.2d 269, 273 (Ind. 2004)). Here, because the length of the revocation is erroneous on its face, and it is evident that the trial court meant to revoke the balance of Scales's previously-suspended sentence, we elect to remand to the trial court to allow the trial court to clarify and correct its sanction for the probation violation. *See Treece v. State*, 10 N.E.3d 52, 60 (Ind. Ct. App. 2014) (sua sponte remanding to the trial court to correct and clarify its sentencing statement), *trans. denied*; *Ramos*, 869 N.E.2d at 1264 (remanding to

the trial court with instructions for the trial court to issue a sentencing statement).

[10] Remanded with instructions.

Bradford, C.J., and May, J., concur.