Timothy GOLDEN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0608–CR–449.

Court of Appeals of Indiana.

March 19, 2007.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Timothy Golden appeals the aggregate twenty-year sentence that was imposed following his guilty plea

to Sexual Misconduct with a Minor,[1] a class B felony, and to being a Repeat Sex Offender.[2] Specifically, Golden claims that the sentence was inappropriate because the trial court erroneously rejected a proffered mitigating factor and incorrectly found the existence of aggravating circumstances. Thus, Golden maintains that the trial court improperly balanced the relevant mitigating and aggravating circumstances when deciding what sentence to impose. Moreover, Golden contends that the sentence was inappropriate in light of the nature of the offense and his character. Finding no error, we affirm the judgment of the trial court.

## FACTS

On March 28, 2006, the State filed an amended information charging Golden with four counts of class B felony sexual misconduct with a minor and four counts of class C felony sexual misconduct with a minor.[3] The incidents all involved Golden's stepdaughter and the State alleged that the sexual misconduct occurred either during November and December 2004 or between May 2005 and August 2005. Golden was also alleged to be a repeat sexual offender because he had two prior convictions for child molesting.

On July 5, 2006, Golden negotiated a plea agreement with the State, where he agreed to plead guilty to one count of sexual misconduct with a minor as a class B felony and to being a repeat sexual offender. In exchange for Golden's guilty plea, the State agreed to dismiss the remaining charges and agreed that any executed sentence would be between ten and twenty years. However, the plea agreement also stated that the trial court could impose time in excess of twenty years if a portion of the sentence was suspended and Golden was placed on probation.

On July 19, 2006, the trial court accepted the plea agreement and sentenced Golden to an aggregate term of twenty years in the Department of Correction. At the guilty plea hearing, the State read the following allegations to establish a factual basis for Golden's plea:

> [S.H.] was interviewed at the Child Advocacy Center and disclosed that from a period of May, 2005 to August, 2005, her step-father, the defendant, Timothy Golden had performed sex acts on her in which he would place his mouth on her sex organ. Her date of birth is December 9th of 1989. And she was fifteen years old when these events happened. And all of the above occurred in Marion County.

Tr. p. 16. Golden admitted that the allegations were true and acknowledged that he had previously been convicted of two counts of child molesting—once in 1986 and once in 1990. At the sentencing hearing, Golden made the following statement: "I'm sorry for everything. I ask the Court to give me the lowest sentence. My mom is in Ohio. She supposed [sic] to have cancer." *Id.* at 27–28. The trial court then imposed the advisory sentence of ten years on the sexual misconduct charge and enhanced that sentence by ten years for being a repeat sexual offender.

The trial judge noted that there were at least two prior incidents where Golden had victimized children, and she was particularly troubled by Golden's repeat offenses and his continued efforts to be near chil-

---

1. Ind.Code § 35–42–4–9.

2. Ind.Code § 35–50–2–14.

3. The State originally charged Golden with six counts of class B felony sexual misconduct with a minor and two counts of class C felony sexual misconduct with a minor. Appellant's App. p. 17–19.

dren. However, the trial court did not explicitly identify any aggravators or mitigators in support of the advisory sentence. Golden now appeals.

## DISCUSSION AND DECISION

### I. Mitigating and Aggravating Factors

■ Golden claims that he must be resentenced because the trial court did not identify his show of remorse as a mitigating circumstance. Golden further contends that there was no evidence in the record to support the trial court's statement that he "continued to put himself in situations where he was exposed to children." Appellant's Br. p. 8. As a result, Golden claims that the trial court should not have considered such a circumstance when deciding what sentence to impose. Moreover, Golden maintains that the trial court erred in enhancing the sentence by ten years under the repeat sex offender statute in light of his "minor and chronologically remote" criminal history. Appellant's Br. p. 9. Finally, Golden contends that because the same prior sex offenses were used to enhance the sentence, his remaining prior convictions "merited little or no aggravating weight with respect to his sentence for sexual misconduct with a minor." *Id.*

■ We initially observe that sentencing decisions are within the trial court's discretion. *Hayden v. State*, 830 N.E.2d 923, 928 (Ind.Ct.App.2005). Those decisions are given great deference on appeal and will only be reversed for an abuse of discretion. *Beck v. State*, 790 N.E.2d 520, 520 (Ind.Ct.App.2003). Although the trial court is not required to find mitigating circumstances that are offered by a defendant or to explain why it has chosen not to make such a finding, the failure to identify mitigating circumstances that are clearly supported by the record may reasonably give rise to a belief that they were overlooked and not properly considered. *Jones v. State*, 698 N.E.2d 289, 291 (Ind. 1998).

At the outset, we note that this court is currently divided on whether it is to review aggravators and mitigators found or not found by the trial court. *Gibson v. State*, 856 N.E.2d 142, 146–47 (Ind.Ct.App. 2006). As a different panel of this court has recently acknowledged:

Pursuant to recent amendments of the sentencing statutes, a trial court may impose any sentence authorized by statute and permissible under the Constitution of the State of Indiana "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." [*Gibson*, 856 N.E.2d at 146] (citing IC 35–38–1–7.1(d)). However, IC 35–38–1–3(3) still requires that, "the court ... make a record of the hearing, including ... *if* the court finds aggravating and mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes." (Emphasis added).

*Windhorst v. State*, 858 N.E.2d 676 (Ind. Ct.App.2006), *trans. granted* exemplifies the division in reviewing an enhanced sentence. Two members of the panel disagreed with *McMahon v. State*, 856 N.E.2d 743 (Ind.Ct.App.2006)[,] which held that a trial court must still explain a deviation from the presumptive/advisory sentence, and held that the legislature's 2005 amendments to Indiana's sentencing statutes, including the language in IC 35–38–1–7.1 referenced above, eliminated a sentencing statement requirement or any reference to aggravators or mitigators as the solution to the Sixth Amendment sentencing problems discussed in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Smylie v. State*,

823 N.E.2d 679 (Ind.2005). *Windhorst,* 858 N.E.2d at 678 n. 2. The third member of the *Windhorst* panel defended the *McMahon* decision and maintained that there is a distinction between the requirement of judicial fact-finding of aggravators and mitigators required by *Blakely* and *Smylie* and the requirement of a sentencing statement when the trial court deviates from the presumptive/advisory sentence. *Id.* at 680–81. This distinction preserves the sentencing statement requirement whenever a trial court imposes something other than the advisory sentence. *Id.* at 681. The purpose is "to guard against arbitrary sentences and to provide an adequate basis for appellate review." *Id.* We follow the lead of the *Windhorst* majority and conclude that a challenge to the trial court's sentencing statement presents no issue for appellate review. We await our Supreme Court's guidance on whether a defendant may appeal a trial court's finding of aggravators and mitigators for a sentence within the statutory range, and until then, we will assume it unnecessary to assess the trial court's findings.

*McDonald v. State,* 861 N.E.2d 1255, at 1258–59 (Ind.Ct.App. 2007). While it is presently unclear to what extent the abuse of discretion analysis for sentencing factors has survived the changes in our sentencing statutes, at the very least, prior precedent establishes that a defendant should bear a particularly heavy burden to prove that a trial court abused its discretion by imposing an advisory sentence. *See Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006) (observing that the defendant bears the burden of persuading the court that his sentence is inappropriate).

In any event, while Golden argues that his expression of remorse should have been identified as a mitigating factor, we note that a trial court is not required to give substantial weight to a defendant's expression of remorse. *Wilkie v. State,* 813 N.E.2d 794, 800 (Ind.Ct.App.2004). Here, it is apparent that Golden's alleged statement of remorse at the sentencing hearing was ambiguous, and his comment was merely self-serving because it was immediately followed by his plea for a lenient sentence. Tr. p. 27–28. Moreover, Golden never specifically apologized for his behavior toward his stepdaughter. Thus, the trial court could have rejected Golden's alleged statement of remorse as merely equivocal in light of his history of sexual misconduct with minors and the molestations of his stepdaughter over a six-year period. Indeed, the trial court was in the best position to observe Golden's demeanor and determine whether his remorse was genuine. Thus, we conclude that the trial court did not err in refusing to identify Golden's purported show of remorse as a mitigating factor.

■ Next, Golden claims that the trial court should not have given any weight to his criminal history when deciding to impose the advisory sentence. In essence, Golden maintains that his prior criminal convictions—other than the sex offenses—were relatively minor because his most recent conviction occurred more than fifteen years before he committed the instant offenses.

■ Notwithstanding Golden's claim, we note that the trial court did not expressly identify any sentencing aggravators, and it is not required to do so under the present sentence statute. I.C. § 35–38–1–7.1. Nonetheless, this court has determined that any criminal history is a "possible and proper aggravator." *White v. State,* 756 N.E.2d 1057, 1062 (Ind.Ct.App.2001). But the significance of a defendant's criminal history "varies based on the gravity, nature and number of prior offenses as they

relate to the current offense." *Wooley v. State*, 716 N.E.2d 919, 929 n. 4 (Ind.1999).

Golden was convicted of theft in 1978, conversion in 1984, being a habitual traffic offender in 1986, two counts of child molesting and one count of vicarious sexual gratification in 1986, and two counts of child molesting in 1989. Golden's prior molestation convictions and his conviction for vicarious sexual gratification directly related to Golden's present offense, as they established a long history of sexual misconduct with children. While Golden argues that the prior convictions were too remote to be considered significant, Golden's most recent sentence in 1990 for child molesting was four years executed and four years suspended. Additionally, in 1990, a consecutive 636–day executed sentence was imposed on a probation violation. Thus, based on the length of these sentences, Golden would not have completed his period of probation much before he began committing the acts of sexual misconduct with his stepdaughter in 1999. Hence, the trial court could certainly consider Golden's criminal history in deciding to impose the advisory sentence.

■ Golden also argues that the trial court abused its discretion in considering his continued proximity to children when deciding what sentence to impose. Contrary to this contention, the record shows that Golden continued to place himself in situations near children despite his long history of the offenses committed against them. Indeed, according to the probable cause affidavit that was attached to the pre-sentence investigation report, Golden had access to his stepdaughter by assuming the role of caretaker while her mother was at work. According to the victim, Golden had been engaging in instances of sexual misconduct with her since she was nine years old and "it would happen as long as my mother wasn't there." P.S.I.

at 18. Also, a cousin of the victim described an incident when she, the present victim, and another young girl were staying in a hotel room. At some point, Golden brought them alcohol and encouraged them to remove their clothes. *Id.* at 19. In our view, these circumstances—along with Golden's admission to the present charge—supported the trial court's statement that Golden continued to be near children despite his history of child molesting. Thus, the trial court did not err in making this observation.

■ Finally, Golden argues that because the same prior sex offenses resulted in a ten-year enhancement of his sentence, his criminal history merited little or no aggravating weight with respect to his sentence for the predicate offense of sexual misconduct with a minor. In support of this contention, Golden directs us to *Whaley v. State*, 843 N.E.2d 1, 16 n. 11 (Ind.Ct. App.2006), where it was held that the trial court properly enhanced a sentence in light of the defendant's criminal history where the prior criminal convictions were "substantially broader" than the convictions that formed the basis of the habitual offender enhancement. In light of *Whaley*, Golden is apparently claiming that the same prior sex convictions would result in an improper double enhancement of a sentence for a new sex offense—"one enhancement for the base sentence and a second enhancement pursuant to the Repeat Sex Offender statute." Appellant's Br. p. 10.

Notwithstanding Golden's claims, our Supreme Court held in *Jones v. State*, 600 N.E.2d 544, 548 (Ind.1992), "that it is permissible for the trial court to consider the same prior offenses for both enhancement of the instant offense and to establish habitual offender status." *Id.* In relevant part, the Repeat Sexual Offender Statute,

Indiana Code section 35–50–2–14, provides that

(a) The state may seek to have a person sentenced as a repeat sexual offender for a sex offense under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3, or for an offense committed in another jurisdiction that is substantially similar to a sex offense under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3, by alleging, on a page separate from the rest of the charging instrument, *that the person has accumulated one (1) prior unrelated felony conviction for a sex offense under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3,* or for an offense committed in another jurisdiction that is substantially similar to a sex offense under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3.

(b) After a person has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3 ... the person has accumulated one (1) prior unrelated felony conviction.

. . .

(e) The court may sentence a person found to be a repeat sexual offender to an additional fixed term that is the advisory sentence for the underlying offense. However, the additional sentence may not exceed ten (10) years.

(Emphasis added). As the statute provides, proof of only one of Golden's prior child molesting convictions was necessary to support the repeat sexual offender enhancement. Ind.Code § 35–50–2–14. For these reasons, Golden has failed to show that the trial court's imposition of the advisory sentence and a ten-year enhancement on the repeat sexual offender count was error.

## II. Appropriateness of Sentence

■ Golden also claims that his sentence must be reversed because it was inappropriate in light of the nature of the offense and his character. Specifically, Golden maintains that. he should be resentenced because no physical injury occurred "beyond that contemplated by the sexual misconduct with a minor charge," and the victim was spared the task of testifying at trial. Appellant's Br. p. 12. Moreover, Golden claims that the sentence was inappropriate because he had not been convicted of a crime for fifteen years, and that he "grew up in a difficult environment with mental abuse and a lack of support." *Id.* at 12.

■ Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Even if the trial court followed the appropriate procedure in arriving at its sentence, this court still maintains a constitutional power to revise a sentence it finds inappropriate. *McDonald,* at 1259. However, sentence review under Appellate Rule 7(B) is very deferential to the trial court's decision, and we refrain from merely substituting our judgment for that of the trial court. *Foster v. State,* 795 N.E.2d 1078, 1092 (Ind.Ct. App.2003). The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress,* 848 N.E.2d at 1080.

Notwithstanding Golden's claims, his poor character is apparent from his history of criminal activity, including past similar sex crimes against children. Moreover, it was established that Golden had a probation violation, which shows that he failed at

prior attempts at rehabilitation without an executed sentence.

In considering the nature of the offense, Golden's conduct involved a violation of a position of trust and additional uncharged crimes that occurred over a period of several years. P.S.I. at 18–19. As noted above, the crime in this case was similar to Golden's sexual victimization of other children. It was established that Golden would offer the children "hush money" or threaten them with physical injury if they did not comply with his demands. *Id.* In light of these circumstances, we conclude that Golden's sentence was appropriate when considering the seriousness of the present crime and his history of similar offenses.

The judgment of the trial court is affirmed.

DARDEN, J., concurs.

ROBB, J., concurs in result.