**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 14 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J. T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIS JAMES SIMMONS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1301-CR-31 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1209-FD-864

**August 14, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant–Defendant, Willis James Simmons (Simmons), appeals the sentence imposed following his conviction of domestic battery in the presence of his children, a class D felony, Ind. Code Section 35-42-2-1.3.

We affirm.

## ISSUES

Simmons raises a single issue on appeal, which we restate as follows: Whether Simmons' sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

Simmons married Jamila Jackson (Jackson) in July 2012. At the time Jackson and her three children, ages thirteen, eight and six, were staying at the Center for the Homeless in South Bend, Indiana. On September 21, 2012, Jackson, Simmons and the three children visited a family friend at his apartment. Jackson and Simmons had been drinking that night, and at some point during the night, Jackson and Simmons got into an oral argument. In the process of it all, Jackson packed up some bags and left the apartment with her three children to return to the Center for the Homeless. Simmons began looking for Jackson and her children and he eventually found them sitting on a step. Simmons approached Jackson and they started arguing again.

This time, however, the argument between Jackson and Simmons turned into a physical fight. Simmons hit Jackson on the back of her head, punched and also pulled Jackson's hair. During this time, Jackson's children were watching the fight and they

were crying and screaming. All three children tried to help Jackson by pulling her away from Simmons. At some point, Jackson called 911 seeking help. When the police arrived, Jackson and her three children flagged down the responding officer, Joshua Mann (Officer Mann) of the South Bend Police Department. Officer Mann handcuffed Simmons, while Officer John Cox (Officer Cox) spoke to Jackson. Officer Cox took photographs of Jackson's injuries. Thereafter, Officer Mann and Officer Cox transported Simmons to the police station.

On September 22, 2012, the State charged Simmons with domestic battery, a Class D felony, I. C. § 35-42-2-1.3. On December 3, 2012, Simmons' trial commenced. On December 4, 2012, the jury found Simmons guilty as charged. On January 9, 2013, the trial court sentenced Simmons to three years at the Indiana Department of Correction.

Simmons now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Simmons argues that his three-year sentence imposed by the trial court was inappropriate given the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that the "[c]ourt may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We defer to the trial court during appropriateness review, *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007), and we refrain from merely substituting our judgment for that of the trial court. *Golden v. State*, 862 N.E.2d 1212, 1218 (Ind. Ct. App. 2007), *trans.*

3

*denied*. The burden is on the defendant to persuade the reviewing court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). We also note that when considering whether the sentence is inappropriate, we must examine both the nature of the offense and the defendant's character. *See Payton v. State*, 818 N.E.2d 493, 498 (Ind. Ct. App. 2004), *trans. denied*.

Simmons received a three year sentence for the domestic battery offense, which is the maximum sentence for a Class D felony. Simmons argues that "[t]he only injury Jackson reported was pain resulting from Simmons pulling her hair" (Appellant's Br. p. 6). He thus argues that the battery charge was not that egregious, and as such he did not deserve to get the maximum sentence for the domestic violence offense. We find this argument unpersuasive. We have previously explained that:

> If we were to take this language literally, we would reserve the maximum punishment for only the single most heinous offense.... We should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.

*Brown v. State,* 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied.*

Here, with respect to the character of the offender, we recognize Simmons' previous criminal history. The pre-sentence investigation report showed that Simmons had over a period of seven years, picked up a total of nine misdemeanors and one prior felony conviction. The record shows that in 2005, Simmons was convicted of two charges for criminal conversion. In 2007, he was charged with driving without a license. In the same year, Simmons was charged with carrying a handgun without a license. In

2008, Simmons was charged and convicted of criminal conversion, criminal trespass and resisting law enforcement. In 2009, Simmons was convicted of another resisting law enforcement offense. Lastly, in 2010, Simmons was convicted of a domestic battery offense which he also committed in front of a child. We find that Simmons has shown a disregard for the legal system and an inability to take responsibility for correcting his behaviors. His sentence is not inappropriate.

With respect to the nature of the offense, with nine prior misdemeanor convictions and one felony conviction, Simmons battered his wife in front of his step children. Moreover, he committed this current offense when he was on parole for his prior domestic violence offense. His prior convictions show a disregard for the law as well as an escalation in the severity of the crimes. *See Ruiz v. State* 818 N.E.2d 927, 929 (Ind. 2004)

## CONCLUSION

For the foregoing reasons, we conclude that Simmons' sentence was not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BRADFORD, J. and BROWN, J. concur