Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOSE CONTRERAS,       )
        )
    Appellant-Defendant,    )
        )
      vs.        )    No. 49A04-1303-CR-112
        )
STATE OF INDIANA,     )
        )
    Appellee-Plaintiff.    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1207-FA-45509

**October 4, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jose Contreras ("Contreras") pleaded guilty in Marion Superior Court to Class A felony dealing in methamphetamine, Class C felony possession of a narcotic drug and a firearm, and Class D felony possession of marijuana. The trial court sentenced Contreras to an aggregate term of twenty years executed and ten years suspended. Contreras appeals and claims that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

Contreras is a Mexican national who entered the United States illegally. Initially, Contreras lived in Arizona, but he was deported after he was convicted in that state of misdemeanor possession of marijuana and Class 6 felony tampering with a public record. After this first deportation, Contreras again entered the United States illegally and was deported a second time in 2002 after being charged with reentry of an excluded alien. Undeterred, Contreras entered the United States illegally yet again in 2011 and moved to Indianapolis in 2012.

On July 3, 2012, a package containing over 900 grams of methamphetamine was delivered to Contreras's home and placed in a hidden compartment in a car parked at the home. A subsequent search of Contreras's house revealed over thirty grams of marijuana, oxycodone pills for which Contreras did not have a prescription, and a handgun. Also found during the search were several other boxes that had been shipped every two weeks

2

from the same address as the box containing the methamphetamine and delivered to Contreras's home. These packages had weighed between two to five pounds.[1]

On July 10, 2012, the State charged Contreras with Class A felony dealing in methamphetamine, Class C felony possession of methamphetamine, Class C felony possession of a narcotic drug and a firearm, Class D felony possession of a narcotic drug, and Class D felony possession of marijuana. On October 3, 2012, immediately before his trial was scheduled to begin, Contreras agreed to plead guilty to all counts without the benefit of a plea agreement. The trial court accepted the plea[2] and entered judgment only on the counts of Class A dealing in methamphetamine, Class C felony possession of a narcotic drug and a firearm, and Class D felony possession of marijuana.[3]

The pre-sentence investigation report revealed that Contreras is a member of a criminal gang and used marijuana on a daily basis for the past several years. At the sentencing hearing, the State presented recordings of telephone calls made by Contreras in jail. In these calls, Contreras stated that, if he were deported, he would illegally enter into the United States yet another time. The trial court found as aggravating that Contreras had a prior criminal history and that he had repeatedly entered the country illegally. The trial court sentenced Contreras to the advisory term of thirty years, with ten suspended to probation, for the Class A felony conviction; four years on the Class C

---

[1] That is, roughly 900 grams to 2200 grams. The weight of these packages was gleaned from the shipping labels. See Tr. p. 35.

[2] Contreras initially denied some of the facts underlying his guilty plea, and the trial court informed him that the case would proceed to trial. After consulting with his trial counsel, however, Contreras admitted to the factual basis of the plea, and the trial court accepted the plea. Tr. pp. 21-23.

[3] The trial court found that the other offenses were lesser-included offenses and declined to enter judgment on these counts. Tr. p. 24.

3

felony conviction, to be served concurrent with the sentence imposed on the Class A felony conviction; and 545 days on the Class D felony conviction, also to be served concurrent with the sentence imposed on the Class A felony conviction. Tr. pp. 16-17. Contreras now appeals.

**Discussion and Decision**

Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we have the power to review and revise sentences, the principal role of our review should be to attempt to level the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), trans. denied (citing Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008)).

Also, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. Fonner v. State, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v.

4

State, 848 N.E.2d 1073, 1080 (Ind. 2006). Since the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence. Golden v. State, 862 N.E.2d 1212, 1216 (Ind. Ct. App. 2007), trans. denied. Contreras has failed to meet this burden.

Contreras was convicted of a Class A felony, a Class C felony, and a Class D felony. The sentencing range for a Class A felony is twenty to fifty years, with thirty years being the advisory sentence. See Ind. Code § 35-50-2-4. The sentencing range for a Class C felony is two to eight years, with an advisory sentence of four years, and the sentencing range for a Class D felony is six months to three years, with an advisory sentence of one and one-half years. See Ind. Code §§ 35-50-2-6, 35-50-2-7. Here, the trial court imposed the advisory sentence of thirty years on the Class A felony conviction and suspended ten years thereof.[4] The trial court also chose to order that the sentences on the Class C and D felony convictions be served concurrently with the thirty-year sentence. With this in mind, we turn to Contreras's claim that his sentence is inappropriate.

With regard to the nature of the offense, Contreras admitted to being in possession of over 900 grams of methamphetamine, which is 300 times the three-gram amount necessary to elevate the crime to a Class A felony. See Ind. Code § 35-48-4-1.1(b)(1). Although Contreras now claims that the factual basis supporting his intent to deal

---

[4] Because Contreras was convicted of a Class A felony and had a prior unrelated felony conviction, the trial court could suspend only that portion of Contreras's sentence that was in excess of the minimum sentence. See Ind. Code § 35-50-2-2(b)(1).

methamphetamine was weak, it is well settled that possession of a large amount of an illicit drug is circumstantial evidence of an intent to deliver. See Richardson v. State, 856 N.E.2d 1222, 1227 (Ind. Ct. App. 2006). Indeed, the more narcotics a person possesses, the stronger the inference that he intended to deliver it. Id. Here, the large amount of methamphetamine possessed by Contreras was well in excess of the amount required to commit the crime, more than adequate to show his intent to deliver as a Class A felony. Moreover, Contreras was found in possession of marijuana and also a handgun. These circumstances more than justify the trial court's decision to impose the advisory sentence.

Contreras's character provides further support for the trial court's sentencing decision. Contreras has prior convictions for a felony and a misdemeanor. Although his criminal history is not among the worst we have seen, we are also unable to overlook his repeated illegal entries into the United States. And while in jail, Contreras stated that if he were deported again, he would simply reenter the United States illegally yet again. Contreras also admitted to being a member of a criminal gang and to daily use of marijuana. Contreras's character does not support his argument that his advisory sentence of thirty years, with ten years of that sentence suspended, is inappropriate.

## Conclusion

Contreras has failed to meet his burden on appeal of demonstrating that his advisory sentence of thirty years, with ten years suspended to probation, is inappropriate in light of the nature of his character and his offense.

Affirmed.

NAJAM, J., and BROWN, J., concur.

6