## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 04 2016, 8:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tara L. Wakefield,
*Appellant-Defendant,*

v.

State of Indiana
*Appellee-Plaintiff.*

August 4, 2016

Court of Appeals Case No.
85A02-1602-CR-311

Appeal from the
Wabash Superior Court

The Honorable
Christopher M. Goff, Judge

Trial Court Cause No.
85D01-1512-F6-1134

**Kirsch, Judge.**

[1] Tara L. Wakefield ("Wakefield") pleaded guilty to unlawful possession of a syringe as a Level 6 felony,[1] and the trial court sentenced her to one and one-half years executed in the Indiana Department of Correction. On appeal, Wakefield contends that her sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On December 11, 2015, Wabash Police Department Officers went to an apartment on North Comstock, in Wabash, Indiana, to investigate a report that an individual had threatened another with a knife. The tenant gave officers permission to search his apartment, and during that search, Officer Jason Mooney discovered a woman, later identified as Wakefield, asleep in bed. Wakefield initially identified herself as Jessica Sparks. However, during further questioning, she admitted that she lied about her name because warrants for her arrest had been issued in Cass and Huntington Counties.

[4] Wakefield was arrested on the warrants and transported to the Wabash County Jail with her purse and coat. During booking, officers searched Wakefield's purse and found a hypodermic needle at the bottom. An eyeglass case containing another hypodermic needle and a metal spoon with burn marks on

---

[1] *See* Ind. Code § 16-42-19-18(a).

the bottom of it was also found in Wakefield's purse. Wakefield was charged with unlawful possession of a syringe and possession of paraphernalia.

[5] At the initial hearing, Wakefield pleaded guilty to unlawful possession of syringe, a Level 6 felony without the assistance of counsel and without the benefit of a negotiated plea. The possession of paraphernalia count was later dismissed. The trial court accepted Wakefield's plea and took sentencing under advisement to order a Pre-Sentence Investigation Report.

[6] At sentencing, the trial court found in mitigation the fact that Wakefield entered her plea of guilty without the benefit of counsel and without a negotiated plea agreement. *Tr.* at 22. The trial court found the following aggravating factors: the risk that Wakefield will commit another crime; the nature and circumstances of the crimes committed; and her prior criminal record, her character, and condition. *Id*. Wakefield's prior criminal history included approximately five misdemeanor convictions, one felony conviction, and one probation violation. The trial court also considered that Wakefield had "significant problems in the past" with drug and alcohol issues. *Id*. The trial court determined that the aggravating factors outweighed the mitigating factors and sentenced Wakefield to one and one-half years executed. Wakefield now appeals.

## Discussion and Decision

[7] Indiana Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial

court's decision is inappropriate in light of the nature of the offense and the character of the offender. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. "Even if the trial court followed the appropriate procedure in arriving at its sentence, this court still maintains a constitutional power to revise a sentence it finds inappropriate." *Golden v. State*, 862 N.E.2d 1212, 1218 (Ind. Ct. App. 2007). Revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that her sentence is inappropriate in light of *both* the nature of his offenses and her character. *See* Ind. Appellate Rule 7(B); *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Deference to the trial court "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The defendant bears the burden to "persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010).

[8] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point which the Legislature has selected as an appropriate sentence for the crime committed. *Childress v. State,* 848 N.E.2d 1073, 1081 (Ind. 2006). Here, Wakefield was convicted of Level 6 felony unlawful possession of a syringe. The sentencing range for a Level 6 felony is

between six months and two and one-half years, with an advisory sentence of one year.  Ind. Code § 35-50-2-7.

[9] Wakefield argues that her one and one-half year sentence is inappropriate in light of the nature of the offense and her character.  As to the nature of the offense, Wakefield was found in possession of two hypodermic needles. Although the nature of the offense is not particularly egregious, Wakefield had warrants for her arrest in two counties and was a fugitive at the time of her arrest, and she was also on probation in Huntington County and facing charges in Cass County.  She gave the police a fake name in an attempt to conceal her identity because she knew about the warrants.

[10] As to Wakefield's character, since 2002 she has accumulated five misdemeanor convictions and one felony conviction and has pending misdemeanor and felony charges in multiple counties.  Wakefield's prior convictions are for battery resulting in bodily injury, conversion, check deception, and robbery while armed with a deadly weapon or resulting in bodily injury to another person.  Wakefield has also been found to be in violation of her supervised probation.  At the time of the present conviction, Wakefield had pending charges for corrupt business influence and six counts of theft, all of which are felonies.

Wakefield has not met her burden of proving that the one and one-half year sentence is inappropriate in light of nature of the offense and her character.[2]

Affirmed.

Riley, J., and Pyle, J., concur.

---

[2] Wakefield also contends that she "would have greatly benefit[t]ed from a lesser sentence in that she would have been afforded a greater opportunity to participate in drug treatment programs such as the Wabash Drug Court Program or through services offered by Wabash Community Corrections." *Appellant's Br.* at 15. Concluding that Wakefield's sentence is not inappropriate, we do not address Wakefield's contentions regarding drug treatment programs.