## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2017, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald L. Tolliver,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 22, 2017<br><br>Court of Appeals Case No.<br>63A05-1610-CR-2321<br><br>Appeal from the Pike Circuit Court<br><br>The Honorable Jeffrey L. Biesterveld, Judge<br><br>Trial Court Cause No.<br>63C01-1604-F5-250 |

**Mathias, Judge.**

[1]     Ronald L. Tolliver ("Tolliver") pleaded guilty in Pike Circuit Court to Level 5 felony child solicitation and was sentenced to the advisory term of three years of incarceration. Tolliver appeals and presents two issues for our review, which

we restate as: (1) whether the trial court abused its discretion when it failed to consider certain circumstances as mitigating, and (2) whether Tolliver's three-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

In late March 2016, Tolliver, who was then sixty-eight years old, participated in an internet chatroom for teenagers. In this chatroom, he started a chat conversation with "Maddie," who identified herself as a thirteen-year-old girl. Maddie was actually a screen name used by Petersburg Police Department Sergeant Chad McClellan ("Officer McClellan"). Tolliver soon began to chat with Maddie about sexual topics. He asked Maddie if she masturbated and encouraged her to do so because it felt good. He also informed Maddie that he masturbated daily and had masturbated since he was eleven years old. Tolliver was concerned that Maddie's mother might see their conversations and made sure that Maddie would not tell her mother about Tolliver's chat. Tolliver eventually admitted to Maddie that he was sixty-eight years old and told Maddie that she could view him as a grandfather.

Nevertheless, Tolliver's interest in Maddie was not paternal. He told her how to masturbate, crudely telling her where to find her clitoris. He also asked if she had small breasts and told her that he liked small breasts. Tolliver told Maddie that he loved her and that she was beautiful. Tolliver asked Maddie not to put

on any underwear after showering and again encouraged her to masturbate. Tolliver also tried to get Maddie to videochat with him, but she told him that she did not have a camera on her phone. He then told her that he liked to be watched while masturbating and that she did not need a camera to watch him. He then sent her video of him masturbating.

[5] On April 4, 2016, the State charge Tolliver with Level 5 felony child solicitation. On August 15, 2016, Tolliver pleaded guilty as charged. A sentencing hearing was held on September 6, 2016. At this hearing, Tolliver presented evidence that he was had been honorably discharged from the Army and had been fully employed. He had no criminal history and had health problems that resulted in the amputation of the lower portion of his right leg. He also had a bypass to save his right leg and a triple coronary bypass. Tolliver testified that his sister and forty-one-year-old son had recently died.

[6] At the conclusion of the sentencing hearing, the trial court pronounced sentence as follows:

> The Court having considered the Pre[-]Sentence Investigation [report], having considered arguments of counsel and the evidence presented at this hearing. By way of aggravating factors, the Court finds that the IRAS assessment lists the defendant as a high risk to reoffend. IRAS, while everything else appears to be low, has a characterization concerning the nature and the circumstances of the particular offense. And that's the reason for the high risk to reoffend here. The Court by mitigating circumstances, finds that the defendant has plead guilty, saved the Court's time and resources. That he has no prior criminal history and has led a law-abiding life. So the Court considers

then the circumstances of this particular case and the Court considers the Pre[-]Sentence [report] and all the factors listed, considered the character of the defendant, considered the defendant's statement, in particularly, that while he accepted responsibility and plead guilty, he continues to blame the officer for what happened here. At the same time he knew that what he did was wrong and he's an adult and he's responsible for his actions. The Court tries to determine the appropriate sentence in the cause and finds that probation and community corrections in this case are not viable alternatives. And therefore the Court sentences the defendant as follows: to an advisory sentence of three (3) years in the Indiana Department of Corrections. The defendant will receive credit for a hundred fifty-three (153) actual days, from April 7, 2016 through September 6, 2016, for a total of a hundred fifty-three (153) days. And on a three (3) for one (1) good time, that's fifty-one (51) good time credit days. The defendant is to register as a sex offender.

Tr. pp. 91-92. Tolliver now appeals.

# Discussion and Decision

[7] Tolliver first argues that the trial court abused its discretion by failing to consider certain mitigating factors. We review a sentence that is within the statutory range only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). The trial court abuses its discretion if its decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating factors clearly supported by the record

and advanced for consideration, or (4) giving reasons that are improper as a matter of law. *Id.* at 490-91. When considering aggravating and mitigating factors, the relative weight given to a factor is not available for appellate review. *Id.* at 493-94.

[8] Tolliver claims that the trial court erred by failing to consider certain mitigating factors that he claims were clearly supported by the record, such as his health problems, military service, and lack of a criminal history. He also claims that the trial court abused its discretion by considering his IRAS score as an aggravator. However, even if we assume *arguendo* that Tolliver is correct and that the trial court did abuse its discretion in sentencing Tolliver, this would not require us to remand for resentencing.

[9] Even if we conclude that a trial court has abused its discretion in sentencing, we will not remand for resentencing if the sentence imposed is not inappropriate. *Shelby v. State*, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013), *trans. denied*; *Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007)); *Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012), *trans. denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007), *trans. denied*. As discussed in full below, Tolliver's advisory sentence of three years is not inappropriate, and remand is therefore unnecessary.

[10] Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Trainor v.*

*State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied* (citing *Anglemyer*, 868 N.E.2d at 491). This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[11]     Still, we must and should exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leven the outliers" and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied* (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Former v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12]     Here, Tolliver pleaded guilty to committing a Level 5 felony. The minimum sentence for a Level 5 felony is one year, the maximum is six years, and the

advisory sentence is three years. Ind. Code § 35-50-2-6(b). As noted above, the trial court here sentenced Tolliver to the advisory sentence of three years. Since the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence. *Golden v. State*, 862 N.E.2d 1212, 1216 (Ind. Ct. App. 2007), *trans. denied*. This is a burden that Tolliver has failed to meet.

[13] Considering the nature of the offense, Tolliver notes that there was no child victim in this case, as "Maddie" was actually an adult police officer. Be that as it may, Tolliver's behavior, as detailed in the chat log, was particularly disturbing. His behavior toward what he thought was a thirteen-year-old girl was reprehensible. He attempted to befriend the child, telling her to consider him like a grandfather. He then encouraged the child to masturbate, asked what she was wearing, told her not to wear underwear, and asked her to send him photos of himself. Tolliver used a webcam to masturbate so that what he thought was a child could watch him. The nature of Tolliver's offense does nothing to convince us that his advisory sentence was inappropriate.

[14] Turning to the character of the offender, Tolliver notes that he had no criminal history. He also reemphasizes his health problems and his service in the Army. Despite his lack of a criminal history, however, Tolliver admitted at sentencing that this was not the first time he had done something of this nature. In fact, he admitted during the presentence investigation that he attempted to talk to

underage girls online three to five times in the past three years. Tr. pp. 50-51; Appellant's App. pp. 33. Despite his claims of remorse, Tolliver stated in his version of the offense that he was "led on" by Officer McClellan. This claim is belied by the chat log, which clearly shows that Tolliver was grooming what he believed to be a child to perform sexual acts. Certainly, Tolliver is not among the worst offenders. This is a reason why Tolliver was not sentenced to a term greater than the advisory sentence, but it is not a reason for us to revise his sentence to be below the advisory sentence.

[15] Affirmed.

Pyle, J., concur.

Baker, J., concurs with a separate opinion.

| | |
|---|---|
| Ronald L. Tolliver,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | Court of Appeals Case No.<br>63A05-1610-CR-2321 |

**Baker, Judge, concurring.**

[16] I fully concur with the majority opinion. I write separately to note that, but for Tolliver's ill-advised admission that this was not the first time he has done something of this nature, I would have been compelled to reduce his sentence below the advisory three-year term. He is a 68-year-old veteran who is an amputee and has recently lost his son and his sister. Were it not for his admission that he has committed this type of act before, I believe the advisory term would have been too high. On the record before us, however, I concur with the majority and agree that we should affirm.