## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Ana M. Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

George Neloms,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 13, 2017

Court of Appeals Case No.
18A05-1705-CR-1007

Appeal from the Delaware Circuit Court

The Honorable Marianne Vorhees, Judge

Trial Court Cause No.
18C01-1605-F3-19

**Bailey, Judge.**

# Case Summary

Following a bench trial, George Neloms ("Neloms") was convicted of Possession of a Narcotic Drug, as a Level 3 felony.[1]  He now appeals.

We affirm.

# Issues

Neloms presents the following restated issues:

    I.      Whether there is sufficient evidence to support his conviction; and

    II.     Whether the trial court abused its sentencing discretion.

# Facts and Procedural History

On May 6, 2016, Neloms was traveling in a van with William Jackson ("Jackson") and James Tabb ("Tabb").  During the trip, Neloms ingested heroin, and Tabb eventually received a call from someone seeking to purchase heroin in Muncie.  Jackson drove to the planned location of the sale, and Tabb sold heroin from the back of the van.  Meanwhile, Officer Tyler Swain ("Officer Swain") of the Muncie Police Department was conducting surveillance as part of an ongoing narcotics investigation concerning Tabb.  Officer Swain later

---

[1] Ind. Code §§ 35-48-4-6(a), -4-6(d)(1).

requested assistance with stopping the van, and officers Keith Benbow ("Officer Benbow") and Richard Howell, Jr. ("Officer Howell") responded.

[5] Officer Howell initiated a stop, and Jackson pulled over. As Officer Howell began approaching the van, Jackson drove off and stopped again about thirty yards down the road. All three officers then drew their guns and approached the van, with Officer Howell moving toward the driver's door and Officer Swain and Officer Benbow approaching the passenger side. Jackson again drove off, at which point Officer Swain leapt onto the van's running boards and fired his gun through a side window. The van swerved to the left, and Officer Swain tumbled to the ground. Both Officer Howell and Officer Benbow checked on Officer Swain, who motioned to them to keep pursuing the van.

[6] By the time Officer Howell and Officer Benbow reached the van, they found it stopped and unoccupied. Nearby, they saw Neloms, who was lying partly in the road and partly in the grass. Officer Howell left to pursue Jackson and Tabb, while Officer Benbow approached Neloms. Officer Benbow saw Neloms holding several plastic bags in his left hand, and Officer Benbow removed the bags while checking Neloms for weapons and for injury. Officer Benbow then arrested Neloms, and Officer Howell eventually arrested Tabb and secured

Jackson, who had been shot in the arm. It was later determined that the plastic bags collectively contained more than 28 grams of heroin.[2]

[7] The State charged Neloms with Possession of a Narcotic Drug, as a Level 3 felony, and Resisting Law Enforcement, as a Class A misdemeanor.[3] At the beginning of a bench trial on February 21, 2017, the trial court dismissed the misdemeanor count upon the State's motion, and Neloms was later found guilty of the felony narcotics charge. Following a sentencing hearing, the trial court imposed a nine-year sentence, and recommended that Neloms be placed in the Purposeful Incarceration program through the Indiana Department of Correction.

# Discussion and Decision

## Sufficiency of the Evidence

[8] When reviewing the sufficiency of evidence to support a conviction, we look only at the probative evidence and reasonable inferences supporting the conviction. *Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017). We neither reweigh the evidence nor assess the credibility of witnesses, and "will affirm the

---

[2] At trial, the parties jointly proffered an exhibit to establish the weight and identity of the substance in the bags.

[3] I.C. § 35-44.1-3-1(a)(3).

conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

[9] To convict Neloms of Possession of a Narcotic Drug as charged, the State was obligated to prove beyond a reasonable doubt that Neloms knowingly or intentionally possessed at least 28 grams of heroin. *See* I.C. §§ 35-48-4-6(a), -4-6(d)(1). At trial, Officer Benbow testified that he found Neloms holding three plastic bags, and it was later determined that those bags contained more than 28 grams of heroin. Moreover, Neloms admitted to ingesting heroin in the van, and to being present while heroin was sold from the van. Although Neloms now directs us to conflicting testimony, our standard of review precludes us from reweighing the evidence. Rather, there is sufficient evidence to support the conviction.

## Abuse of Discretion

[10] Neloms contends that the trial court abused its discretion in imposing a sentence of nine years, which is the advisory sentence for a Level 3 felony. *See* I.C. § 35-50-2-5(b). Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). As a general matter, an advisory sentence is a "guideline sentence" selected by our legislature, I.C. § 35-50-2-1.3, and "we view the advisory sentence as a helpful guidepost for ensuring fairness, proportionality, and transparency in sentencing." *Hamilton v. State*, 955 N.E.2d 723, 726 (Ind. 2011). Moreover, we

have observed "that a defendant should bear a particularly heavy burden to prove that a trial court abused its discretion by imposing an advisory sentence." *Golden v. State*, 862 N.E.2d 1212, 1216 (Ind. Ct. App. 2007), *trans. denied*.

[11] A trial court abuses its sentencing discretion if its decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* In sentencing a defendant, the trial court must enter a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence," *id.* at 491, and Indiana Code Section 35-38-1-7.1 provides a non-exhaustive list of potential aggravating or mitigating circumstances. "The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion," however "[t]he relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Anglemyer*, 868 N.E.2d at 491. Moreover, if the trial court has abused its sentencing discretion, we will remand only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

[12] Neloms first argues that the trial court abused its sentencing discretion by failing to identify a particular mitigating circumstance: that Neloms had requested drug treatment. Where, as here, a sentencing statement "includes a finding of aggravating or mitigating circumstances, then the statement must identify all *significant* mitigating and aggravating circumstances and explain why

each circumstance has been determined to be mitigating or aggravating. *Id.* at 490 (emphasis added). Nevertheless, the trial court is not obligated to explain why it has not found a circumstance to be significant. *See id.* at 493. Moreover, when the defendant alleges that the trial court improperly failed to identify a particular mitigating factor, the defendant must "establish that the mitigating evidence is both significant and clearly supported by the record." *Id.*

[13] Here, the trial court expressly declined to treat the circumstances of Neloms's addiction as a mitigating factor, observing that Neloms "could have addressed his drug issues voluntarily or while on supervised probation" in an Illinois case involving possession of a controlled substance. App. Vol. III at 24. Moreover, the trial court observed that Neloms has "a long history with heroin and has had many opportunities to rehabilitate himself" but "has not taken advantage of them." *Id.* Thus, we cannot say that the trial court abused its discretion when it did not consider the treatment requests to be a significant mitigating factor.

[14] Neloms next argues that the trial court improperly identified drug dealing as an aggravating circumstance when the trial court made the following remark: "The nature of the offense supports at least the advisory sentence. Dealing drugs and possessing large quantities of drugs presents a danger to the community." *Id.* Neloms points out that he "was never charged with dealing drugs" and that "[t]here was no evidence presented during the trial that [he] was engaged in dealing drugs." Appellant's Br. at 24.

We note that the trial court did not include this statement in its enumerated list of "Circumstances Supporting an Enhanced Sentence," App. Vol. III at 23, and appears to have made the observational remark while balancing the factors and evaluating the appropriateness of the advisory sentence. Nonetheless, even if the trial court attributed aggravating weight to the particularized circumstances of the crime, it would not have been improper to do so. *See* I.C. § 35-38-1-7.1 (providing a non-exhaustive list of matters the trial court may consider in determining a sentence). Indeed, the trial court's statement was accurate, in that Neloms was present during a drug transaction that led to a dangerous pursuit—a pursuit during which Officer Swain was thrown from a moving van, Jackson was shot, and Neloms was left lying by the road holding bags of heroin. Thus, we are not persuaded that the trial court abused its discretion by remarking about the circumstances of the crime.

## Conclusion

The evidence is sufficient to support the conviction. The trial court did not abuse its sentencing discretion.

Affirmed.

Kirsch, J., and Pyle, J., concur.