## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 16 2020, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric E. Markwith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 16, 2020

Court of Appeals Case No.
19A-CR-2427

Appeal from the Tippecanoe
Superior Court

The Honorable Gregory S. Loyd,
Judge Pro Tem

Trial Court Cause No.
79D04-1904-CM-1949

**Mathias, Judge.**

[1] Eric E. Markwith entered an open plea of guilty to Class A misdemeanor possession of a synthetic drug in Tippecanoe Superior Court. The trial court

imposed a 365-day executed sentence, which Markwith contends is inappropriate in light of the nature of the offense and his character as an offender.

[2] We affirm.

## Facts and Procedural History

[3] On July 24, 2018, Markwith was incarcerated at the Tippecanoe County Jail. A member of the county sheriff's department investigated a burning smell and discovered Markwith using batteries to light a joint. A subsequent search of Markwith's cell revealed a second joint. The contraband was sent to the Indiana State Police laboratory, where lab technicians confirmed the presence of a synthetic drug. Markwith received a jail sanction consisting of thirty days in segregation, during which he was confined to a cell for twenty-three hours a day.

[4] On April 16, 2019, the State charged Markwith with Class A misdemeanor possession of a synthetic drug. Markwith entered an open plea of guilty to the offense, and a judgment of conviction was entered on September 18, 2019. The trial court proceeded directly to sentencing and heard testimony about several pending charges against Markwith in other Indiana counties, as well as Markwith's numerous prior convictions. The trial court sentenced Markwith to a term of 365 days executed in the Tippecanoe County Jail, the maximum penalty for a Class A misdemeanor. Markwith now appeals.

# Discussion and Decision

[5] Markwith argues that his sentence is inappropriate in light of the nature of his offense and his character as an offender. Indiana Rule of Appellate Procedure 7(B) authorizes appellate courts to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *See also Gibson v. State*, 51 N.E.3d 204, 215 (Ind. 2016).

[6] In considering whether Rule 7(B) sentence revision is warranted, we "refrain from merely substituting our judgment for that of the trial court." *Golden v. State*, 862 N.E.2d 1212, 1218 (Ind. Ct. App. 2007), *trans. denied*. The question under Rule 7(B) review is not whether another sentence is more appropriate, but instead whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the Court that a sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] Markwith argues that his sentence is inappropriate in light of the nature of the offense. In considering whether a sentence is inappropriate in light of the nature of the offense, we compare the elements of the offense to the "details and circumstances of the commission of the offense." *Townsend v. State*, 45 N.E.3d 821, 831 (Ind. Ct. App. 2015), *trans. denied*. When Markwith committed the offense in question, Indiana Code section 35-48-4-11.5(c) (repealed July 1, 2019) read "a person who knowingly or intentionally possesses a synthetic drug

. . . commits possession of a synthetic drug . . . a Class A misdemeanor." Though Markwith was convicted of a misdemeanor offense, excusing the trial court from articulating and balancing aggravating and mitigating circumstances as part of its sentencing statement, such circumstances may still inform the trial court's sentencing decision. *See Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016); *see also Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (stating that sentencing statements identifying aggravators and mitigators are required "whenever imposing sentence for a *felony* offense").

[8] Here, Markwith's offense was committed within a county jail while he was incarcerated for an unrelated charge. This detail is a valid aggravating circumstance in the commission of an offense. *See Hines v. State*, 30 N.E.3d 1216, 1226 (Ind. 2015) (noting as relevant to nature of the offense that battery was committed in prison). That Markwith possessed a synthetic drug, however, did not cause physical injury to another, nor did it cause property loss. Our preference is to reserve maximum sentences for "the very worst offenses," including those that result in physical injury or property loss. *Buchanan v. State*, 699 N.E.2d 655, 657 (Ind. 1998); *see also* I.C. § 35-38-1-7.1(b)(1) ("The court may consider . . . as favoring suspending the sentence and imposing probation: (1) The crime neither caused nor threatened serious harm to persons or property"). We also observe that because the location of the offense was within a jail, Markwith was punished for the infraction with a thirty-day jail sanction.

[9] Markwith additionally argues that his sentence is inappropriate in light of his character as an offender. A defendant's criminal history is relevant to our

broader consideration of his character under Rule 7(B) review. *See Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. The significance of criminal history will vary based upon the "gravity, nature and number of prior offenses as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008) (internal quotation marks and citation omitted). Prior to the instant offense, Markwith had amassed twenty-seven convictions. The State allows that, while Markwith's crime is "not the most egregious crime," his criminal history indicates that he has a clear disregard for the law. Appellee's Br. at 9. We cannot disagree with this assessment and therefore conclude that Markwith has failed to demonstrate that his sentence is inappropriate in light of his character as an offender.

## Conclusion

[10] Based on Markwith's extensive criminal history, we decline to grant relief under Appellate Rule 7(B) for sentence inappropriateness.

[11] Affirmed.

Riley, J., and Tavitas, J., concur.